IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NUTRIEN AG SOLUTIONS, INC., <br> formerly known as <br> CROP PRODUCTION SERVCES, INC. <br><br> Plaintiff, <br><br> v. <br><br> PERRY G. BOWEN, III, <br><br> And <br><br> RIVER FARM VA., LLC, <br><br> Defendants. | Case No. 3:25cv434 |

## COMPLAINT

Nutrien Ag Solutions, Inc. formerly known as Crop Production Services, Inc. ("Nutrien"), by counsel, states as follows in support of its Complaint against Perry G. Bowen, III ("Bowen") and River Farm Va., LLC ("River Farm"):

### Nature of the Action

1. This action is brought by Nutrien to collect sums due to Nutrien related to purchases by Bowen and/or River Farm (collectively, hereinafter referred to as the "Defendants") for the agricultural and commercial products provided to the Defendants in connection with the Defendants' commercial farming operation and for which Nutrien has not been paid.

### The Parties

2. Nutrien Ag Solutions, Inc. is a Delaware Corporation that was previously known as Crop Production Services, Inc. Effective as of July 1, 2018, Nutrien Ag Solutions, Inc.

1

changed its name from Crop Production Services, Inc. to Nutrien Ag Solutions, Inc. and filed a Certificate of Amendment to Certificate of Incorporation with the Delaware Secretary of State reflecting the name change on June 28, 2018.

3. Bowen is an individual who, upon information and belief, resides in King George County in the Commonwealth of Virginia. Bowen is involved in commercial farming operations.

4. River Farm is a Virginia limited liability company with its principal place of business in King George County, Virginia. Upon information and belief, Bowen is the sole member of River Farm. River Farm is involved in commercial farming operations.

## Jurisdiction and Venue

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court because all defendants reside in the Richmond Division of the Eastern District of Virginia.

## Factual Allegations

7. The Defendants requested that Nutrien provide credit to Bowen and River Farm and open accounts in the name of River Farm and that Nutrien sell goods to the Defendants on the accounts. In connection with one request the Defendants filled in, executed and delivered to Nutrien a Customer Profile (the "Customer Profile"). A true and accurate copy of the Customer Profile is attached hereto as **Exhibit A**. When used in this Complaint, the term "goods" is used as that term is defined in the Uniform Commercial Code as enacted in Virginia.

8. Based on the request of the Defendants, Nutrien opened accounts (the "Accounts") in the name of River Farm and sold goods to the Defendants on the Accounts. The

goods sold by Nutrien were used for commercial farming operations in the Commonwealth of Virginia.

9. The Defendants executed and delivered to Nutrien a Security Agreement (the "Security Agreement"). Pursuant to the Security Agreement and in order to secure the payment of any amounts due to Nutrien, the Defendants granted Nutrien a security interest in certain property owned by the Defendants, including crops, farm products, accounts, general intangibles, documents, chattel paper and other rights to payment as more fully described in the Security Agreement (collectively the "Initial Collateral"), including the amounts due on the Accounts. A true and accurate copy of the Security Agreement is attached hereto as **Exhibit B**.

10. The Defendants defaulted in the payment of the Accounts.

11. Following the Defendants' default in the payment of the Accounts, the Defendants and Nutrien entered into a Forbearance Agreement (the "Forbearance Agreement") that provided terms for the repayment of the Accounts and for the Defendants to obtain additional advances from Nutrien to purchase goods. A true and accurate copy of the Forbearance Agreement is attached hereto as **Exhibit C**.

12. In connection with the Forbearance Agreement, the Defendants executed a Credit Line Note (the "Note") payable to Nutrien to obtain additional advances from Nutrien. A true and accurate copy of the Note is attached hereto as **Exhibit D**.

13. In connection with the Forbearance Agreement, the Defendants executed a Supplemental Security Agreement (the "Supplemental Security Agreement") granting Nutrien a security interest in certain property owned by the Defendants and more fully described in the Supplemental Security Agreement (collectively the "Additional Collateral" and together with the Initial Collateral, the "Collateral") to secure the payment of any amounts due to Nutrien from the

Defendants, including the amounts due on the Accounts, the Note or the Forbearance Agreement. A true and accurate copy of the Supplemental Security Agreement is attached hereto as **Exhibit E**.

14. In connection with the Forbearance Agreement, Bowen executed a credit line deed of trust (the "Deed of Trust") granting Nutrien a lien in certain real property owned by Bowen to secure the payment of any amounts due to Nutrien, including the amounts due on the Accounts, the Note or the Forbearance Agreement from the Defendants. The Deed of Trust was recorded on October 27, 2017 in the land records for the Circuit Court for King George County, Virginia. A true and accurate copy of the recorded Deed of Trust is attached hereto as **Exhibit F**.

15. On or about April 2, 2018, the Defendants executed a Modification to Credit Line Note (the "First Note Modification"), which modified certain terms of the Note including, *inter alia*, the maturity date of the Note. A true and accurate copy of the First Note Modification is attached hereto as **Exhibit G**.

16. In April 2019, the Defendants and Nutrien entered into a Modification to Forbearance Agreement (the "First Forbearance Modification"), which modified certain terms of the Forbearance Agreement including, *inter alia*, the payment terms. A true and accurate copy of the First Forbearance Modification is attached hereto as **Exhibit H**.

17. In April 2019, the Defendants executed a Second Modification to Credit Line Note (the "Second Note Modification"), which modified certain terms of the Note including, *inter alia*, the amount of the Note. A true and accurate copy of the Second Note Modification is attached hereto as **Exhibit I**.

18. In 2022, the Defendants executed an Amended and Restated Credit Line Note ("the "Restated Note") in the amount of $350,000, which amended and restated the Note. A true and accurate copy of the Restated Note is attached hereto as **Exhibit J**.

19. In 2022, in connection with the Restated Note, Bowen, Nutrien and the trustees under the Deed of Trust executed a Modification of Deed of Trust (the "DOT Modification"). The DOT Modification was recorded on July 14, 2022 in the land records for the Circuit Court for King George County, Virginia at Instrument #220002580. A true and accurate copy of the recorded DOT Modification is attached hereto as **Exhibit K**.

20. The Forbearance Agreement, Note, Security Agreement, Supplemental Security Agreement, Deed of Trust, DOT Modification, First Note Modification, First Forbearance Agreement Modification, Second Note Modification and Restated Note are referred to collectively as the "Loan Documents".

21. Based on the request of the Defendants, Nutrien continued to provide goods on the Accounts to the Defendants pursuant to the terms of the Loan Documents. The goods provided by Nutrien were used for commercial farming operations in the Commonwealth of Virginia.

22. Pursuant to the terms and conditions of the Loan Documents, the Defendants, jointly and severally, agreed to be responsible for the payment of all amounts due on the Accounts or loaned to Defendants for the purchase of goods. The Defendants also agreed that amounts not paid in full to Nutrien on or before the due date will be assessed a finance change of 24% per annum which would be reduced to 9% per annum if there was no default.

23. Pursuant to the Restated Note, all amounts due under the Restated Note were to be paid "on or before December 20 of the calendar year that the credit was provided or the

advance was made under the Note" and "[t]he [Restated Note] shall mature on December 20, 2023 (the "<u>Maturity Date</u>"), at which time all amounts due under the [Restated Note] shall be paid in full."

24. Despite demand, the Defendants have failed to pay the amounts due to Nutrien when due. A true and accurate copy of the letter demanding payment of the amounts due to Nutrien is attached hereto as **<u>Exhibit L</u>**.

25. The amount due and owing to Nutrien, including on the Restated Note and the Accounts, excluding attorneys' fees and costs, is $226,012.35 as of December 31, 2024 comprised of $157,780.81 in principal and $68,231.54 in interest.

26. Nutrien provided to the Defendants the invoices and statements which stated the goods purchased, the payments made, and the amounts owed to Nutrien. The Defendants received these invoices and statements.

27. A true and accurate copy of the Journal Entry ledger showing the amounts due to Nutrien is attached hereto as **<u>Exhibit M</u>**.

28. All of the goods provided by Nutrien and referenced in this Complaint were merchantable, of good quality, conformed to industry standards, conformed to the requirements of the purchaser and were fit for their intended purpose. No party receiving the goods objected to them in any respect except as has been noted in this Complaint or reflected on the account ledger related to a particular account.

29. The Loan Documents provide for Nutrien to recover its attorneys' fees and costs of collection for enforcing the terms of the Loan Documents and collecting the amounts due to Nutrien.

30. Enforcement of the Loan Documents and collection of the amounts due to Nutrien have been referred to the law firm of Spotts Fain PC for collection.

## COUNT I - BREACH OF CONTRACT/OPEN ACCOUNT

31. Nutrien repleads and incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. The Defendants are liable, jointly and severally, for the amounts due to Nutrien.

33. The Defendants are in default and have breached the terms of the Loan Documents and the Accounts due to their failure to make payment for the amounts due to Nutrien.

34. As a result of the Defendants' breach and failure to pay for the amounts due, Nutrien has been damaged in the amount of $226,012.35, with interest continuing to accrue at the rate of 24% per annum on the principal amount of $157,780.81 from December 31, 2024, plus collection costs incurred by Nutrien.

## COUNT II - ACCOUNT STATED
### (Pled in the Alternative)

35. Nutrien repleads and incorporates Paragraphs 1 through 34 as if fully set forth herein.

36. To the extent the Court determines there is no express contract or open account related to the Accounts, the Defendants used or authorized the use of the Accounts to purchase goods on credit from Nutrien.

37. By using or authorizing the use of the Accounts, the Defendants accepted the terms and conditions contained therein and thus expressly and/or impliedly promised to pay the balance due on the Accounts.

38. Nutrien provided the invoices and statements which stated the goods purchased on credit, the amounts borrowed, the payments made, and the amounts owed to Nutrien. Upon information and belief, the Defendants received these invoices and statements.

39. The invoices and the statements reasonably notified the Defendants that Nutrien is legally entitled to be paid.

40. The Defendants failed to timely object to or dispute the invoices and the statements delivered to them and have failed to pay the full balance owed to Nutrien.

41. As a result of the Defendants' failure to pay the balance owed to Nutrien, Nutrien has been damaged in the amount of $226,012.35, with interest continuing to accrue at the rate of 24% per annum on the principal amount of $157,780.81 from December 31, 2024, plus any costs incurred in connection with the collection of this account.

## COUNT III - QUANTUM MERUIT
### (Pled in the Alternative)

42. Nutrien repleads and incorporates Paragraphs 1 through 41 as if fully set forth herein.

43. To the extent that the Court determines there is no express contract or open account associated with the Accounts, Nutrien conferred a benefit on the Defendants and the Defendants accepted and benefited from the use of the credit and the goods purchased from Nutrien.

44. The Defendants had knowledge of the benefits of the goods purchased on the Accounts.

45. The statements and invoices reasonably notified the Defendants that Nutrien is legally entitled to be paid for the goods.

46. Because the Defendants accepted the benefit of the goods purchased on credit provided by Nutrien without payment and had reasonable notice that Nutrien is entitled to be paid for the goods purchased, it is inequitable for the Defendants to retain the benefit of the same without compensating Nutrien.

47. As a result, Nutrien has been damaged in the amount of $226,012.35, plus pre-judgment interest and post-judgment interest as allowed by law.

## COUNT IV – UNJUST ENRICHMENT
### (Pled in the Alternative)

48. Nutrien repleads and incorporates Paragraphs 1 through 47 as if fully set forth herein.

49. To the extent that the Court determines there is no express contract or open account associated with the Accounts, Nutrien conferred a benefit on the Defendants and the Defendants accepted and benefited from the use of the credit and the goods purchased from Nutrien.

50. The Defendants had knowledge of the benefit of the goods purchased from Nutrien.

51. The statements and invoices reasonably notified the Defendants that Nutrien is legally entitled to be paid.

52. The Defendants accepted or retained the benefits without compensating Nutrien for their value.

53. Because the Defendants accepted the benefit of the funds and goods purchased on credit provided by Nutrien without payment, they were unjustly enriched, and it is inequitable for the Defendants to retain the benefit of the same without compensating Nutrien.

54. As a result, Nutrien has been damaged in the amount of $226,012.35, plus pre-judgment and post-judgment interest as allowed by law.

### COUNT V – RIGHTS OF A SECURED PARTY UNDER THE UCC

55. Nutrien repleads and incorporates Paragraphs 1 through 54 as if fully set forth herein.

56. Pursuant to the Uniform Commercial Code as adopted in Virginia Code Section 8.9A-609, the Nutrien is entitled to possession of the Collateral.

### COUNT VI - DETINUE

57. Nutrien repleads and incorporates Paragraphs 1 through 56 as if fully set forth herein.

58. In the alternative, pursuant to Virginia Code Section 8.01-114 *et seq.*, Nutrien is entitled to possession through a judgment in detinue of the Collateral.

### PRAYER FOR RELIEF

WHEREFORE, Nutrien Ag Solutions, Inc. formerly known as Crop Production Services, Inc. hereby requests that this Court grant judgment as follows:

(i) Judgment against defendants Perry G. Bowen, III and River Farm Va., LLC, jointly and severally, in the amount of $226,012.35, plus interest at the rate of 24% on the principal amount of $157,780.81 from December 31, 2024, together with Nutrien's costs incurred herein, including reasonable attorneys' fees;

(ii) Judgment that Nutrien is entitled to possession of the Collateral and has all of the rights of a secured party under Virginia law, the Security Agreement and the Supplemental Security Agreement as to the Collateral; and

(iii) Such other and further relief as the Court deems equitable and appropriate, including any pre-judgment and post-judgment interest as allowed by law.

Dated: June 6, 2025                             Respectfully submitted,

                                                        NUTRIEN AG SOLUTIONS, INC.
                                                        formerly known as
                                                        CROP PRODUCTION SERVICES, INC.

By: ____/s/_____
                Counsel

Timothy G. Moore (VSB #41730)
*tmoore@spottsfain.com*
Christopher A. Hurley (VSB #93575)
*churley@spottsfain.com*
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Counsel for Nutrien Ag Solutions, Inc.*
*f/k/a Crop Production Services, Inc.*